UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY N. SAVAGE,

    Plaintiff,

v.

Case Number 2:10-CV-14703
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

JASON BALL, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

The plaintiff, Corey N. Savage, presently confined at the Saginaw County Jail in Saginaw, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will dismiss the complaint without prejudice.

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed.

*McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

### III.  Complaint

Plaintiff claims that his Sixth Amendment right to confrontation was violated when defendant Jason Ball, a detective with the Saginaw Police, and defendant Matthew McCallum, a police officer with the Saginaw Police, took testimonial statements from several witnesses, which were apparently used against plaintiff at a preliminary examination in the Saginaw District Court on September 20, 2010.  Plaintiff claims that the preliminary examination was conducted by an unnamed assistant prosecuting attorney on behalf of defendant Michael D. Thomas, the Saginaw County Prosecutor.  Plaintiff further alleges that the three defendants fabricated evidence against him and used testimony against him at the preliminary examination which violated his right to confrontation.  Plaintiff does not indicate what criminal charges have been brought against him or whether he is awaiting trial or has been convicted.  Plaintiff seeks to have his "full liberty restored" and seeks monetary damages.

### IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

As an initial matter, it is unclear whether plaintiff is awaiting trial on these unspecified criminal charges or whether he has been convicted.

To the extent that plaintiff requests relief from pending criminal charges, the Court will abstain from enjoining a pending state court prosecution.  In *Younger v. Harris,* 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not

enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered by themselves to constitute irreparable injury. Instead, the threat to a state criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46. Moreover, "[t]he existence of a 'chilling effect', even in the area of First Amendment rights, had never been considered a sufficient basis, in and of itself, for prohibiting state action." *Younger,* 401 U.S. at 46. The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Younger.* 401 U.S. at 44. Thus, in cases in which a criminal defendant is seeking to enjoin ongoing state court proceedings, whether they be criminal, civil, or administrative, federal courts should not exercise jurisdiction, but should instead dismiss the case in its entirety. *Kish v. Michigan State Bd. of Law Examiners,* 999 F. Supp. 958, 965 (E.D. Mich. 1998)(internal citations omitted).

A federal court should employ three factors to determine whether the *Younger* abstention doctrine should apply:

> 1. there must be pending or ongoing state judicial proceedings;
> 2. these proceedings must implicate important state interests; and,
> 3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F. 3d 469, 481 (6th Cir. 1997).

Applying the above test, the Court concludes that it would be appropriate to abstain from issuing injunctive relief, assuming that criminal charges remain pending against

3

plaintiff.  Assuming that there was a conviction, plaintiff would still be required to exhaust his available state court appellate remedies prior to seeking federal relief.  For purposes of *Younger,* a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" by foregoing state appeals to attack the trial court's judgment in federal court. *New Orleans Public Service, Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 369 (1989).  A necessary prerequisite of the *Younger* doctrine is that a party [prior to contesting the judgment of a state judicial tribunal in federal court] must exhaust his or her state appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975).  For purposes of the first requirement of the *Younger* doctrine, a state criminal prosecution will be considered to be pending in the state courts if at the time of the filing of the federal complaint, not all of the state appellate remedies have been exhausted. *Tesmer v. Granholm,* 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000)(*quoting Mounkes v. Conklin,* 922 F. Supp. 1501, 1511 (D. Kan. 1996).

Next, with respect to any ongoing criminal case, "there is no question that the ongoing prosecution implicates important state interests". *Davis v. Lansing*, 851 F. 2d 72, 76 (2nd Cir. 1988); *See also Hansel v. Town Court for Town of Springield, N.Y.,* 56 F. 3d 391, 393 (2nd Cir. 1995)("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one").

Finally, with respect to the third factor, plaintiff would have an opportunity to challenge the constitutionality of any pending criminal charges or any convictions in the state courts.  Federal courts must presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F. 3d 415, 420 (6th Cir. 1995).

In the present case, assuming that plaintiff is challenging an ongoing prosecution, he will have an adequate opportunity to challenge and correct any constitutional violations in the first instance before the state courts. Plaintiff has therefore failed to show that any "great and immediate irreparable injury" will occur if this Court denies his request for a stay of proceedings in the state courts. *See Ballard v. Stanton,* 833 F. 2d 593, 595 (6th Cir. 1987).

A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. See *Coles v. Granville*, 448 F. 3d 853, 865 (6th Cir. 2006). In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding. *Id.* The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue to run. *Id.*

In this case, the Court will dismiss plaintiff's action without prejudice rather than hold the case in abeyance, because any false prosecution claim by plaintiff would not accrue until he was acquitted or his conviction was reversed on appeal.

To the extent that plaintiff seeks monetary damages arising from a criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Because plaintiff

does not allege that any conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to any criminal prosecution, conviction, and incarceration against the defendants would fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *See also Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

To the extent that plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to

refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *See Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).[1]

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. To the extent that plaintiff's § 1983 complaint is being dismissed under *Heck*, the dismissal will be without

---

[1] To the extent that plaintiff is seeking habeas relief from any pending criminal charges, he would not be entitled to relief. In the absence of "special circumstances", federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996). Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981).

7

prejudice. *See e.g. Finley v. Densford,* 90 Fed. Appx. 137, 138 (6th Cir. 2004).

### IV. CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint [Dkt. Entry # 1] is is DISMISSED WITHOUT PREJUDICE.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 7, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager